UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA<br><br>**Plaintiff,**<br><br>vs.<br><br>1. KYLA HOLDERNESS, individually and d/b/a EMPIRE BAR;<br><br>2. HOLDERNESS EMPIRE, INC., a domestic for profit business d/b/a EMPIRE BAR;<br><br>**Defendants.** | Case No. 22-cv-00522-TCK-SH<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DESIGNATION: PROPERTY RIGHTS** |

**PLAINTIFF ALLEGES:**

## JURISDICTION

1.    Jurisdiction is founded on the existence of a question arising under particular statutes.  This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq.*

2.    This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight program hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception and publication of said property of Plaintiff within the control of the Plaintiff in the State of Oklahoma.

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Northern District of Oklahoma because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

5. The Plaintiff, Innovative Sports Managements, Inc., is, and at all relevant times mentioned was a New Jersey corporation with its principal place of business located at 64 N. Summit Street, Suite 218, Tenafly, NJ 07060.

6. Plaintiff is informed and believes, and alleges thereon that defendant, Kyla Holderness, is an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Empire Bar operating at 1516 South Peoria Avenue, Tulsa, Oklahoma 74120.

7. Plaintiff is informed and believes, and alleges thereon that defendant, Holderness Empires Inc., is an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the

commercial establishment doing business as Empire Bar located at 1516 South Peoria, Tulsa, Oklahoma 74120.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

8. Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media hereby incorporates by reference all of the allegations contained in paragraphs 1-7, inclusive, as though set forth herein at length.

9. By contract, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media paid for and was thereafter granted the exclusive nationwide television distribution rights to *Brazil v. Chile Soccer Match,* telecast nationwide which took place on March 24, 2022 (this included all interviews and game commentary in the television broadcast of the event, hereinafter referred to as the "Program").

10. Pursuant to contract, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Oklahoma, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

11. As a commercial distributor of sporting events, including the Program, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

12. With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every of the above named defendants

and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at the Tulsa, Oklahoma location (1516 South Peoria Avenue). Said unauthorized interception, publication, exhibition and divulgence by each of the defendants were done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

13. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media Innovative Sports Management, Inc. d/b/a Integrated Sports Media had the distribution rights thereto).

14. By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*

15. By reason of the defendants' violation of Title 47 U.S.C. Section 605*, et seq.*, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media has the private right of action pursuant to Title 47 U.S.C. Section 605.

16. As the result of the aforementioned defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media is entitled to the following from each defendant:

    (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. Section 605(e)(3)(C)(i)(II); and also

    (b) Statutory damages for each willful violation in amount to $100,000.00 pursuant to Title 47 U.S.C. Section 605(e)(3)(C)(ii); and also

    (c) The recovery of full costs, including reasonable attorneys fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

## COUNT II

### (Violation of Title 47 U.S.C. Section 605)

17.     Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media hereby incorporates by reference all of the allegations contained in paragraphs 1-16, inclusive, as though set forth herein at length.

18.     By contract, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media paid for and was thereafter granted the exclusive nationwide television distribution rights to *Paraguay v. Ecuador Soccer Match,* telecast nationwide which took place on March 24, 2022 (this included all interviews and game commentary in the television broadcast of the event, hereinafter referred to as the "Program").

19.     Pursuant to contract, Plaintiff  Innovative Sports Management, Inc. d/b/a Integrated Sports Media entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Oklahoma, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

20.     As a commercial distributor of sporting events, including the Program, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

21.     With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every of the above named defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at the Tulsa, Oklahoma location (1516

South Peoria Avenue). Said unauthorized interception, publication, exhibition and divulgence by each of the defendants were done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

22. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media Innovative Sports Management, Inc. d/b/a Integrated Sports Media had the distribution rights thereto).

23. By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*

24. By reason of the defendants' violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media has the private right of action pursuant to Title 47 U.S.C. Section 605.

25. As the result of the aforementioned defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media is entitled to the following damages from each defendant:

- (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. Section 605(e)(3)(C)(i)(II); and also
- (b) Statutory damages for each willful violation in amount to $100,000.00 pursuant to Title 47 U.S.C. Section 605(e)(3)(C)(ii); and also
- (d) The recovery of full costs, including reasonable attorneys fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

## **COUNT III**

**(Violation of Title 47 U.S.C. Section 605)**

26. Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media hereby incorporates by reference all of the allegations contained in paragraphs 1-25, inclusive, as though set forth herein at length.

27. By contract, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media paid for and was thereafter granted the exclusive nationwide television distribution rights to *Uruguay v. Peru Soccer Match,* telecast nationwide which took place on March 24, 2022 (this included all interviews and game commentary in the television broadcast of the event, hereinafter referred to as the "Program").

28. Pursuant to contract, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Oklahoma, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

29. As a commercial distributor of sporting events, including the Program, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

30. With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every of the above named defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at the Tulsa, Oklahoma location (1516 South Peoria Avenue). Said unauthorized interception, publication, exhibition and

divulgence by each of the defendants were done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

31.   Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media Innovative Sports Management, Inc. d/b/a Integrated Sports Media had the distribution rights thereto).

32.   By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*

33.   By reason of the defendants' violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media has the private right of action pursuant to Title 47 U.S.C. Section 605.

34.   As the result of the aforementioned defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media is entitled to the following damages from each defendant:

(a)   Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. Section 605(e)(3)(C)(i)(II); and also

(b)   Statutory damages for each willful violation in amount to $100,000.00 pursuant to Title 47 U.S.C. Section 605(e)(3)(C)(ii); and also

(e) The recovery of full costs, including reasonable attorneys fees,    pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

## COUNT IV

**(Violation of Title 47 U.S.C. Section 605)**

35. Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media hereby incorporates by reference all of the allegations contained in paragraphs 1-34, inclusive, as though set forth herein at length.

36. By contract, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media paid for and was thereafter granted the exclusive nationwide television distribution rights to *Colombia v. Bolivia Soccer Match,* telecast nationwide which took place on March 24, 2022 (this included all interviews and game commentary in the television broadcast of the event, hereinafter referred to as the "Program").

37. Pursuant to contract, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Oklahoma, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

38. As a commercial distributor of sporting events, including the Program, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

39. With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every of the above named defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at the Tulsa, Oklahoma location (1516 South Peoria Avenue). Said unauthorized interception, publication, exhibition and divulgence by each of the defendants were done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

Case 4:22-cv-00522-TCK-SH   Document 2 Filed in USDC ND/OK on 12/01/22   Page 10 of 13

40. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media Innovative Sports Management, Inc. d/b/a Integrated Sports Media had the distribution rights thereto).

41. By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*

42. By reason of the defendants' violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media has the private right of action pursuant to Title 47 U.S.C. Section 605.

43. As the result of the aforementioned defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media is entitled to the following damages from each defendant:

   (a)   Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. Section 605€(3)(C)(i)(II); and also
   (b)   Statutory damages for each willful violation in amount to $100,000.00 pursuant to Title 47 U.S.C. Section 605€(3)(C)(ii); and also
   (f)   The recovery of full costs, including reasonable attorneys fees,    pursuant to Title 47 U.S.C. Section 605€(3)(B)(iii).

## COUNT V
### (Violation of Title 47 U.S.C. Section 553 – As an Alternative to Counts I, II, III, IV)

Page 10

44.     Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-43, inclusive, as though set forth herein at length.

45.     The unauthorized interception, exhibition, publication, and divulgence of the Program by the above named defendants are prohibited by Title 47 U.S.C. Section 553 *et seq.*

46.     By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated Title 47 U.S.C. Section 553, *et seq.*

47.     By reason of the defendants' violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media has the private right of action pursuant to Title 47 U.S.C. Section 553.

48.     As the result of the aforementioned defendants' violation of Title 47 U.S.C. Section 553, and pursuant to said Section 553, Plaintiff Innovative Sports Management, Inc. d/b/a Integrated Sports Media is entitled to the following from each defendant and for each violation:

(a)     Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(A)(ii); and also

(b)     Statutory damages for each willful violation in an amount to $50,000 pursuant to Title 47 U.S.C. 553(c)(3)(B); and also

(c)     The recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and also

(d)     In the discretion of this Honorable Court, reasonable attorneys fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1.      For statutory damages in the amount of $110,000.00 against defendants,

and each of them, and;

2. For reasonable attorney fees pursuant to statute, and;

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For statutory damages in the amount of $110,000.00 against defendants, and each of them, and;

2. For reasonable attorney fees pursuant to statute, and;

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1. For statutory damages in the amount of $110,000.00 against defendants, and each of them, and;

2. For reasonable attorney fees pursuant to statute, and;

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Fourth Count:**

1. For statutory damages in the amount of $110,000.00 against defendants, and each of them, and;

2. For reasonable attorney fees pursuant to statute, and;

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4. For such other and further relief as this Honorable Court may deem just

and proper.

**As to the Alternative Fifth Count:**

1. For statutory damages in the amount of $60,000.00 for each of the four (4) violations against defendants, and each of them, and;

2. For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute, and;

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

Dated: December 1, 2022         s/Adam Scott Weintraub
                                Adam Scott Weintraub, OBA #13209
                                Savage, O'Donnell, Affeldt & Weintraub
                                1836 South Baltimore Avenue
                                Tulsa, OK 74119
                                (918) 582-0582
                                (918) 587-8925 facsimile
                                asw@savagelaw.cc
                                Attorneys for Plaintiff